DELBELLO DONNELLAN WEINGARTEN
 WISE & WIEDERKEHR, LLP
Charles L. Rosenzweig [CR 7622]
Catherine S. Campbell [CC 3497]
*Attorneys for Plaintiff*, *Fiscal Investments Ltd.*
1 North Lexington Avenue
White Plains, N.Y. 10601
914-681-0200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

| | | |
|---|---|---|
| FISCAL INVESTMENTS LTD., | : | Case No.19-cv-3582 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| 379 CAPTAINS NECK LANE LLC and | : | **COMPLAINT** |
| PRINCIPAL INVESTMENT GROUP INC., | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------x

FISCAL INVESTMENTS LTD. ("Fiscal), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, brings this Complaint against 379 CAPTAINS NECK LANE LLC ("CNL") and PRINCIPAL INVESTMENT GROUP INC. ("PIG"), and alleges as follows:

PARTIES

1. Fiscal is a Turks and Caicos corporation with its principal place of business located at Temple Financial Centre, Leeward Highway, Providenciales, Turks & Caicos Islands, B.W.I.

2. Upon information and belief, CNL is a New York limited liability company which owns real estate consisting of an eight bedroom, eleven thousand, one hundred, ninety-four square foot (11,194 sq ft) house located at 379 Captains Neck Lane, Southampton, New York (the "Real Estate").

3. Upon information and belief, the members of CNL are Jean Putzer, his wife Kimberly Putzer and trusts for his children: the Oliver Putzer 2007 Trust, the Alexander Putzer 2007 Trust, the Samuel Putzer 2007 Trust and the Priscilla Putzer 2007 Trust, all of whom are citizens of New York, all of whom have addresses at 127 East 80th Street, New York, N.Y. 10075.

4. Upon information and belief, PIG is a Delaware Corporation with its principal place of business located at 127 East 80th Street, New York, N.Y. 10075.

5. The owner of Fiscal is Rebecca Putzer Reifschneider ("Reifschneider"), the sister of Jean Putzer, and a citizen of Germany.

## JURISDICTION AND VENUE

6. Jurisdiction in this action arises under 28 U.S.C. §1332(a) in that the action is between citizens of a State and a citizen of a foreign state and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue in this action is proper under 28 U.S.C. §1391(b) because CNL resides in this judicial district.

## COUNT I (against CNL)

8. Aglaia Investments Ltd., also owned by Reifschneider, is a Turks and Caicos corporation with its principal place of business located at Temple Financial Centre, Leeward Highway, Providenciales, Turks & Caicos Islands, B.W.I.

9. On or about April 24, 2014 (the "Closing Date"), CNL, as Borrower, and Aglaia, as Lender, entered into a Loan Agreement (the "Loan Agreement"), for a loan in the amount of Five Million Dollars ($5,000,000) (the "Loan"), for the purpose of funding CNL's purchase or investment in the Real Estate. The Loan Agreement provided for the payment of interest on each

anniversary of the Closing Date, with the maturity of the Loan five (5) years after the Closing Date. A copy of the Loan Agreement is annexed as Exhibit A.

10. On or about May 20, 2014, to implement the Loan Agreement, Aglaia pledged all of its assets at BSI Bank, a Swiss bank, consisting mostly of bonds (the "Aglaia Securities"), under a General Deed of Pledge and Assignment to BSI Bank (the "BSI Pledge"), which was used as a guarantee for a loan from BSI Bank to PIG (the "BSI Loan"). A copy of the BSI Pledge is annexed as Exhibit B.

11. Upon information and belief, PIG received the funds from the BSI Loan on behalf of CNL and acted as a conduit for the purchase of the Real Estate by CNL.

12. In or about the summer of 2015, Aglaia wished to transfer the Aglaia Securities to another bank.

13. In order to accomplish the transfer of the Aglaia Securities from BSI Bank, and release the BSI Pledge, on or about August 24, 2015, Reifschneider arranged for the replacement of the BSI Pledge with a guarantee provided by J. Safra Sarasin Bank ("JSSB"), which guarantee (the "JSSB Guarantee") was secured by assets of Fiscal. A copy of the Order to Issue a Bank Guarantee in connection with the JSSB Guarantee is annexed as Exhibit C. A copy of the JSSB Guarantee to BSI is annexed as Exhibit D.

14. Upon information and belief, in or about late 2016, PIG, for itself and on behalf of CNL defaulted on the BSI Loan, with the result being that, on or about January 5, 2017, BSI Bank collected the amount of $5 million from JSSB on the JSSB Guarantee. A copy of bank advice from JSSB showing payment to BSI Bank in the amount of $5 million is annexed as Exhibit E.

15. JSSB in turn, as shown on its debit advice dated January 5, 2017, debited its client Fiscal in the amount of $5 million by reason of payment made to BSI Bank on the JSSB Guarantee. A copy of the January 5, 2017 debit advice issued to Fiscal is annexed as Exhibit F.

16. Since Fiscal succeeded to Aglaia's obligations under the Loan Agreement, and paid the amount of $5 million in connection with the guarantee of the BSI Loan, on or about June 18, 2019, Aglaia assigned, transferred, and conveyed to Fiscal all of Aglaia's right, title and interest as Lender in and to the Loan Agreement and all other rights and interests that Aglaia had as against CNL and PIG to recover the principal amount of $5 million, together with interest and all recoverable costs and disbursements of collection. A copy of the Assignment and Assumption of Loan Agreement is attached as Exhibit G.

17. Fiscal is the assignee of Aglaia, duly entitled to collect the amount of $5 million plus interest from CNL and PIG.

18. As guarantor of the Loan, effectuated through Fiscal's payment of $5 million to JSSB in connection with the JSSB Guarantee of the BSI Loan to PIG/CNL, and in accordance with the Loan Agreement, Fiscal is entitled to repayment of $5 million together with interest.

19. Despite due demand for repayment, on several occasions since January 5, 2017, CNL has failed to repay either Aglaia or Fiscal any amount on account of the Loan, including, without limitation, the annual payment of interest required by the Loan Agreement.

20. CNL is in default of the Loan Agreement and its obligations to repay Fiscal.

21. CNL owes Fiscal $5 million plus interest.

COUNT II (against CNL)

22. Repeats and realleges each of the allegations contained in paragraphs 1-21 of the Complaint.

23. Upon information and belief, CNL has listed the Real Estate for sale at an offering price of Eighteen Million, Nine Hundred, Ninety-Five Thousand Dollars ($18,995,000.00). A copy of the brokerage listing for the Real Estate is annexed as Exhibit H.

24. Upon information and belief, the Real Estate is not subject to any mortgage.

25. Upon the sale of the Real Estate, and after payment of closing costs and other expenses, CNL will likely distribute all or substantially all of the funds realized from such sale (the "CNL Transfer") to its members or affiliates of members.

26. A CNL Transfer to CNL's members or their affiliates will be without fair consideration.

27. Upon information and belief, the Real Estate is the sole asset of CNL.

28. Upon information and belief, the CNL Transfer will render CNL insolvent.

29. Upon information and belief, the CNL Transfer will cause CNL to be unable to repay its creditors including Fiscal.

30. By reason thereof, the CNL Transfer will be in violation of N.Y. Debtor & Creditor Law §273 and should be set-aside.

## COUNT III (against CNL)

31. Repeats and realleges each of the allegations contained in paragraphs 1-30 of the Complaint.

32. Upon information and belief, upon the CNL Transfer, CNL will have insufficient funds to satisfy any judgment entered in favor of Fiscal in this action.

33. By reason thereof, the CNL Transfer will be in violation of N.Y. Debtor & Creditor Law §273-a and should be set-aside.

## COUNT IV (PIG)

34. Repeats and realleges each of the allegations contained in paragraphs 1-33 of the Complaint.

35. To the extent that PIG did not act solely as a nominee or disclosed agent for CNL in connection with the BSI Loan, benefited from the Loan and/or Loan Agreement or otherwise is an alter ego of CNL, then PIG is responsible to pay Fiscal $5 million on account of the Loan and the Loan Agreement, together with interest.

WHEREFORE, Fiscal Investments Ltd. respectfully requests that this Court enter (i) judgment against 379 Captains Neck Lane LLC and Principal Investments Ltd. in the amount of $5,000,000.00 plus interest, (ii) directing that a CNL Transfer be set aside and all funds so transferred be returned to CNL and (iii) granting Fiscal the costs and disbursements incurred in the prosecution of this action.

Dated: White Plains, New York
       June 18, 2019

                                              DELBELLO DONNELLAN WEINGARTEN
                                              WISE & WIEDERKEHR, LLP

By: _____
     Charles L. Rosenzweig (CR 7622)
    *Attorneys for Plaintiff, Fiscal Investments Ltd.*
    1 North Lexington Avenue
    White Plains, N.Y. 10601
    (914) 681-0200